UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL ERIC HAWBECKER, | § | |
| *Plaintiff,* | § § § | |
| v. | § | Civil Action No. SA-14-CV-1010-XR |
| MICHELLE MARIE HALL, | § § § | |
| *Defendant*. | § § § | |

**ORDER**

On this day the Court considered Plaintiff Paul Eric Hawbecker's motion for entry of default (docket no. 21). For the following reasons, the Court DENIES the motion and ORDERS Defendant Michelle Marie Hall to answer the original complaint (the "Complaint") by May 9, 2015.

Hawbecker filed the Complaint on November 13, 2014, alleging that Hall made a series of libelous and defamatory statements about him via the Internet. Docket No. 1. The Complaint asserts that, sometime around April 2014, Hawbecker discovered that Hall had created a Facebook page and made numerous posts to that page indicating that Hawbecker sexually abused children, including Halls's daughter. The Complaint alleges that Hall committed libel and defamation in violation of Texas Civil Practice & Remedies Code Section 73.001. Hawbecker, a resident of Texas, asserts that Hall, a resident of Colorado, caused him damages in the amount of $250,000. Hall was originally served with the Complaint on December 11, 2014. *See* docket no. 18.

In response to the Complaint, Hall, representing herself *pro se*, filed a Rule 12(b) Motion to dismiss for lack of personal jurisdiction, improper service, and improper venue on January 5,

2015.  Docket no. 12.  The Court denied Hall's motion with regard to venue and personal jurisdiction on February 19, 2015, but noticed that the proof of service was defective because it incorrectly named the Defendant.  The Court vacated the previous entry of default and ordered Plaintiff to provide proper proof of service.  Due to an error in the Clerk's office entering Hall's address, she did not receive the Order denying her motion until sometime after March 20, 2015, when Hawbecker's counsel sent her a copy.  *See* docket no. 17.  On March 31, the Court entered a show cause order directing Plaintiff to demonstrate proof of proper service upon Defendant, and Plaintiff complied on April 1.  Hawbecker now moves for entry of default based on Hall's failure to file an answer.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55.  "The mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend, however.  But if defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default."  WRIGHT AND MILLER, Entry of Default under Rule 55(a), 10A FED. PRAC. & PROC. CIV. § 2682 (3d ed.).

Hall, a *pro se* defendant, has appeared in this case and demonstrated a desire to defend, as evidenced by her motion to dismiss.  Given the circumstances, the Court exercises its discretion and DENIES Plaintiff's motion for entry of default (docket no. 21) without prejudice.  **Defendant Michelle Marie Hall shall file an answer to the Complaint by May 9, 2015.**

It is so ORDERED.

SIGNED this 27th day of April, 2015.

                                                                 
_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE