IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL ERIC HAWBECKER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-1010-XR |
| | § | |
| MICHELLE MARIE HALL, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER**

On this day, the Court considered Plaintiff's motion for summary judgment (docket no. 60).

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Paul Eric Hawbecker filed his original complaint on November 13, 2014, alleging that Michelle Marie Hall made a series of libelous and defamatory statements about him via the Internet. (Docket No. 1). The Complaint asserts that, sometime around April 2014, Hawbecker discovered that Hall had created a Facebook page and made numerous posts to that page indicating that Hawbecker sexually abused children, including Hall's daughter. Hawbecker also alleges that Hall contacted Hawbecker's friends, family members, and employer during 2014 via Facebook messages and e-mail to publicize her allegations. (Docket no. 1 at ¶ 6).

The Complaint alleges that Hall committed libel and defamation in violation of Texas Civil Practice & Remedies Code Section 73.001.  Hawbecker, a resident of Texas, asserts that Hall, a resident of Colorado, caused him actual damages in the amount of $242,000.  He also seeks exemplary damages of $400,000.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails ... to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. *Anderson*, 477 U.S. at 256.

## III.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment arguing that as a matter of law he has established all elements of his defamation per se cause of action and that as a matter of law there are no defenses.

## IV.    ANALYSIS

To establish a defamation cause of action, a plaintiff must prove that the defendant (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or with negligence, if the plaintiff was a

private individual, regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). In "cases involving defamation per se, damages are presumed to flow from the nature of the defamation itself and, in most situations, a plaintiff injured by a defamatory per se communication is entitled to recover general damages without specific proof of the existence of harm." *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689–90 (Tex. App. – Hou. [1st Dist.] 2013, pet. denied). The law presumes certain categories of statements are defamatory per se, including statements that (1) unambiguously charge a crime, dishonesty, fraud, rascality, or general depravity or (2) are falsehoods that injure one in his office, business, profession, or occupation. *Id*. at 690. "Accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct are examples of defamation per se." *In re Lipsky*, 460 S.W.3d 579, 596 (Tex. 2015). "Remarks that adversely reflect on a person's fitness to conduct his or her business or trade are also deemed defamatory per se." *Id*.

In this case the evidence demonstrates that Hall created a Facebook group called "Please help me stop a child molester!" On this group page Hall posted a picture of Hawbecker with the comment: "To think that this man has so many fooled into leaving him alone with their kids ripes [sic] my heart out." The post was seen by 28. Hall also posted a comment that states, in relevant part, "I decided that I would e-mail most of [Hawbecker's] friends on his list a link to this account. I also posted on his employers [sic] page this link… My goal is that if I can stop him from hurting at least one more child then I have a small victory." Nine people "liked" the post and it was seen by 34. In addition, she posted the following comment: "When my daughter was five she was sexually molested and had pics token [sic] of her by a man named Paul Eric Hawbecker…. He is around kids, working with kids and his friends trust him with their kids. Please help me spread his name and pics to everyone you know and love to protect your children and others from this monster!" In response to this posting, others replied that child molesters should be killed, tortured, or castrated. Hall also posted comments indicating that Hawbecker

"lives and works in San Antonio Texas so please pass the word on to any one that you may know there." Also, she posted a comment that "he has been teaching Karate to kids and has friends that are youth pastors that he helps and spends time with!" Hall posted numerous comments encouraging members of the group page to "spread the word about this very evil man that I am sure is out there hurting other kids."

During a September 8, 2015 hearing in this case on Plaintiff's motion for a temporary restraining order, Hall testified that at some unspecified date in 2005, Hawbecker, a friend of a mutual friend, was traveling through Colorado and needed a place to stay for the night. Hawbecker stayed at the Hall residence. Hall believes that Hawbecker took pictures of her daughter that night and in some unspecified manner engaged in sexual misconduct with her. She has no personal knowledge that any improper act occurred, has not been able to identify any pictures that allegedly exist of her daughter, and is not aware of any evidence that indicates that Hawbecker engaged in any sexual misconduct. Hall claimed during this hearing that some unidentified Colorado law enforcement officer showed her a three-ring binder of photos containing child pornography and asked her to see if she could identify her child. Hall claims that the officer told her that the photos were obtained from Hawbecker's computer. The Court notes that this version of events is highly improbable. There is no evidence in this case that a search of Hawbecker's computer was ever done, he has never been charged with possession of child pornography, and parents of children are not just handed three-ring binders of child pornography and asked to review the material. Also of note, during the hearing Hall denied ever trying to contact people about Hawbecker, but her Facebook page clearly states otherwise. At the end of the hearing, Hall agreed to not post any new material about Hawbecker on the Facebook site.

Included in Plaintiff's evidence in support of his motion for summary judgment is an arrest warrant affidavit from Arapahoe County, Colorado. That affidavit indicates that in June 2004, Defendant Michelle Hall reported that she thought someone named Paul had taken nude photographs of her

4

daughter. The case was cleared as inactive. About a year later, in June 2005 police were called to a Walgreens store in Aurora, Colorado. A store clerk reported that she had seen images of what she thought were a minor, female vagina. The officer noted that the pictures were out of focus, not centered, but that the "victim's" arm was in the camera shot and appeared that she was holding the phone. Thereafter, the affidavit was replete with strange, conflicting and changing versions of events from Ms. Hall and her daughter. Despite that there was no evidence that Hawbecker took any photo, it was over a year since he was in Colorado, that either Mr. or Mrs. Hall brought the film into the store for developing, and the numerous inconsistencies in Hall and her daughter's version of events, apparently, an indictment or warrant was eventually brought against Hawbecker charging him with sexual exploitation of a child, but all counts were dismissed on November 29, 2007.

In response to the motion for summary judgment, Hall (proceeding pro se) admits to creating the Facebook page, but states she thought it was a "closed, private, support group." Despite the dismissal of all charges against Hawbecker in 2007, Hall claims that she thought either Colorado or Texas authorities were investigating Hawbecker or that charges had already been brought against him in Texas. The summary judgment evidence brought by Hawbecker establishes that no misdemeanor or felony charges have ever been brought against him in Bexar County, Texas. She claims she has limited knowledge of how Facebook works and that she did not understand that by "liking" Hawbecker's employer her posts would be able to be seen by Hawbecker's boss. Again, the Court finds this testimony wholly at odds with her previous Facebook postings. Bottom line, she states she believes her daughter's statement (although the Court is unsure which version Defendant is referring to as numerous versions have been recounted). Notwithstanding Ms. Hall's belief that Hawbecker behaved inappropriately in some manner, Ms. Hall only relies upon hearsay, speculation, conclusory remarks and subjective belief. She offers no competent summary judgment evidence to refute Plaintiff's evidence that Defendant (1) published a statement; (2) that was defamatory concerning the Plaintiff; (3) with negligence regarding

5

the truth of the statement. As indicated above, the law presumes certain categories of statements are defamatory per se, including accusing someone of serious sexual misconduct. Plaintiff has established, as a matter of law, all elements of his cause of action and Defendant has failed to establish any defense. Plaintiff's motion for summary judgment is GRANTED.

V.     **DAMAGES**

Hawbecker states that he is a martial arts instructor since 2001, teaching both children and adults. He also states that he has a distinctive last name in San Antonio. He asserts that Hall's defamatory conduct has caused him to lose about $62,400 in income these last several years. He also asserts that he has sought other employment, but has been refused these opportunities because of the Defendant's postings. He estimates these lost earnings at $50,000. He also asserts that dating relationships have been severed once these girlfriends became aware of the Defendant's posts. He also asserts that he has been required to borrow $30,000 from family and friends to make ends meet during these last few years and attributes these loans to the job losses that have occurred because of Hall's posts. He seeks $100,000 in mental anguish damages. Finally, he asks the Court to award $400,000 in exemplary damages.

It is unclear but it appears that Hawbecker is seeking that the Court award him damages now. Texas law "presumes that statements that are defamatory per se injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish." *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002) (plurality opinion). Nevertheless, Texas law does not presume any particular amount of damages beyond nominal damages. *Salinas v. Salinas*, 365 S.W.3d 318, 320–21 (Tex. 2012). The "amount of actual general damages remains a question for the jury." *Id*. See also *Adolf Coors Co. v. Rodriguez*, 780 S.W.2d 477, 488 (Tex. App.–Corpus Christi 1989, writ denied) (noting that under presumption of damages applicable to libel per se, damages "are within the jury's

6

discretion, are purely personal, and cannot be measured by any fixed rule or standard"); *Bradbury v. Scott*, 788 S.W.2d 31, 39 (Tex. App.-Houston [1st Dist.] 1989, writ denied) (holding, in case of libel per se, "where the amount of the actual damages is not capable of definite ascertainment, and prima facie liability is established, the determination of the amount is necessarily lodged in the discretion of the jury"). Accordingly, either a bench trial or a jury trial is required on the issue of damages. The parties are ordered to confer and report to the Court within ten days whether the issue of damages will be conducted as a bench trial, a jury trial, or whether they have reached a settlement.

**Conclusion**

Plaintiff's motion for summary judgment on the issue of liability is GRANTED (Docket No. 60). Plaintiff's motion for leave to file a reply brief (Docket No. 66) is GRANTED. All statements in Defendant's response (Docket No. 64) that contain hearsay, speculation, conclusory remarks or subjective belief are stricken. Because the exhibits contained in Plaintiff's motion for summary judgment contain the name of the minor involved in this matter, her address, and a description of several highly personal events, the Court orders the Clerk of Court that the exhibits to Docket No. 60 be sealed. The motion itself, however, will remain unsealed.

SIGNED this 9rd day of December, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE