UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 25 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| PAUL ERIC HAWBECKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 5:14-cv-1010-RCL |
| MICHELLE MARIE HALL | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Paul Eric Hawbecker brings this action against defendant Michelle Marie Hall for libel and defamation in violation of Texas Civil Practices & Remedies Code Section 73.001. On December 9, 2016, Judge Xavier Rodriguez granted summary judgment to Mr. Hawbecker on the issue of liability, finding that he had established, as a matter of law, all elements of his cause of action and that Ms. Hall had failed to establish a defense. Judge Rodriguez found, however, that a trial was required on the issue of damages. Mr. Hawbecker seeks actual damages in the amount of $242,000, and exemplary damages in the amount of $400,000.

Prior to granting summary judgment, Judge Rodriguez denied Ms. Hall's motion for the appointment of counsel, finding that the appointment of counsel was not warranted at the time. Judge Rodriguez agreed, however, to reconsider the issue of the appointment of counsel if and when this case proceeded to trial. This case was reassigned to the undersigned judge on January 5, 2017. The Court now considers whether to appoint counsel for Ms. Hall for the purposes of a trial relating to the appropriate damages in this case, and finds that the appointment of counsel for the purpose of a limited trial on damages is not warranted.

Parties in civil cases do not enjoy a constitutional right to counsel. District courts have discretion to appoint counsel where "exceptional circumstances" exist. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Although "[n]o comprehensive definition of exceptional circumstances is practical," *id.*, courts consider the following factors: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (internal citations omitted). In addition, courts "should also consider whether the appointment of counsel would be a service [to the parties and the Court] by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*

Considering the above listed factors, the Court finds that exceptional circumstances do not exist here that would warrant the appointment of counsel. This case is a fairly straightforward defamation case, with no novel or complex questions of fact or law. *Cf. Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (finding that even though "section 1983 cases are by their nature more complex than many other cases," the instant case was not so exceptional to warrant the appointment of counsel). Furthermore, liability has already been determined in this case. The only remaining issue is that of damages. There is no indication that the question of damages in this case will be at all complex or unusual.

In addition, Ms. Hall appears able to adequately investigate and present her case. There is no indication that Ms. Hall is unable to review and respond to any evidence in this case. *Cf. Naranjo v. Thompson*, No. PE:11-CV-00105-RAJ, 2013 WL 11299564, at *2 (W.D. Tex. June 5, 2013), *vacated on other grounds*, 809 F.3d 793 (5th Cir. 2015) (finding that the appointment of

counsel was necessary because "due to the security sensitive nature of [discovery provided to the court under seal], in light of Plaintiff's status as an inmate, Plaintiff is unable to review and respond to that discovery"). And, even though Ms. Hall has at times indicated that she may be unable to travel to Texas to attend a trial, this alone does not warrant the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) ("[Plantiff's] assertion that his 'mental anguish' prevents his attending to this suit plainly does not satisfy the 'exceptional circumstances' requirement set out in *Ulmer*.").

Regarding the final factor, whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination, the Court finds that the circumstances here are not extraordinary. Again, the only issue to be litigated is damages. The Court expects that the evidence will largely consist of unconflicted testimony regarding Mr. Hawbecker's lost income, lost earnings, mental anguish damages, and other expenses. If the Court reaches the issue of exemplary damages, it expects that the testimony will focus largely on Ms. Hall's own finances and her intent. The Court does not expect the presentation of expert testimony from either party. *Cf. Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir. 1992) (finding that the appointment of counsel was necessary in part because "the apparently essential testimony from experts on HIV–AIDS management in the prison environment will require professional trial skills").

Finally, the Court finds that the appointment of counsel here would not greatly sharpen the issues in this case, shape the examination of witnesses, or significantly shorten the trial and assist in a just determination. For the foregoing reasons, the Court concludes that exceptional circumstances do not exist and it declines to appoint counsel for Ms. Hall.

Accordingly, it is hereby **ORDERED** that the above entitled and numbered case is set for **TRIAL** in Courtroom 4, on the Third Floor of the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, TX, on March 2, 2017 at 8:30 A.M. Defendant must appear in person if she wishes to present evidence or cross examine witnesses. The Court advises defendant that the trial in this case is for the limited purpose of determining damages. It is not an opportunity for defendant to relitigate liability.

It is further hereby **ORDERED** that the above entitled and numbered case is set for **PRETRIAL CONFERENCE** in Courtroom 4, on the Third Floor of the John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard, San Antonio, TX, on February 23, 2017 at 3:30 P.M. The Court will allow defendant to participate in the pretrial conference via telephone. Defendant should prepare a list of witnesses whom she would like to call to testify. The Court will discuss with defendant how to ensure the presence of such witnesses at trial.

Regarding pretrial submissions, pursuant to Local Rule 16(e) the Court **ORDERS** that plaintiff serves and files the following information by close of business on February 2, 2017. The Court **ORDERS** that defendant serves and files the following information by the close of business on February 9, 2017.

1. A list of stipulated facts.
2. An appropriate identification of each exhibit as specified in this rule (except those to be used for impeachment only), separately identifying those that the party expects to offer and those that the party may offer if the need arises.
3. The name and, if not previously provided, the address and telephone number of each witness (except those to be used for impeachment only), separately identifying

those whom the party expects to present and those whom the party may call if the need arises.

4. The name of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

5. Proposed findings of fact and conclusions of law.

6. Any motions in limine.

7. An estimate of the probable length of trial.

Pursuant to Local Rule 16(f) the Court **ORDERS** that both parties serve and file the following information by close of business on February 16, 2017.

1. A list disclosing any objections to the use under Rule 32(a) of deposition testimony designated by the other party.

2. A list disclosing any objection, together with the grounds therefore, that may be made to the admissibility of any exhibits. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403 shall be deemed waived unless excused by the Court for good cause shown.

It is **SO ORDERED**.

Date: January 25, 2017

Royce C. Lamberth
United States District Judge

5